UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>vs.<br><br>VIGILAND D'HAITI,<br>Defendant. | Case No. 6:22-cr-127WWB-DCI<br><br><br><br><br>**Defendant's Sentencing Memorandum** |

Vigiland D'Haiti, through counsel, files this memorandum to aid the Court at sentencing on October 17, 2023. Nothing we say here is intended to diminish the gravity of D'Haiti's conduct.

**Introduction**

Vigiland D'Haiti is before this Court for sentencing after pleading guilty to Count Two of the Indictment, charging him with production of child pornography, in violation of 18 U.S.C. § 2251(a) and (e). Fed. R. Crim. P. 11(c). The minimum sentence under 18 U.S.C. § 2251(a) and (e) is 15 years' imprisonment, or 180 months. *See also*, PSI ¶81.[1] The PSI calculates the guideline range as 292 months to 365 months. PSI ¶82. Because justice does not warrant a sentence greater than the minimum prison sentence, Mr. D'Haiti

---

[1] The United States Probation Officer filed a revised presentencing investigation report on October 6, 2023 (PSI).

asks this court to impose a variance sentence of 15 years' imprisonment followed by a supervised release term of fifteen years. Such a sentence allows the Court to impose special conditions of probation, such as providing for any needed mental health treatment and restrictions on certain types of employment.

## Sentencing Factors

The overarching instruction from the United States Supreme Court in *Kimbrough v. United States*, 552 U.S. 85, 101 (2007), is to "impose a sentence sufficient, but not greater than necessary," to accomplish the goals of sentencing set forth in 18 U.S.C. § 3553(a):

1) the nature and circumstances of the offense and the history and characteristics of the defendant;
2) the need to reflect the seriousness of the offense to promote respect for the law, and to provide just punishment for the offense;
3) the need for deterrence;
4) the need to protect the public;
5) the need to provide the defendant with needed educational or vocational training or medical care;
6) the kinds of sentences available;
7) the Sentencing Guidelines range;
8) pertinent policy statements of the Sentencing Commission;
9) The need to avoid unwanted sentencing disparities;
10) The need to provide restitution to victims.

The Court must "consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify the crime and the punishment to ensue." *Koon v. United States*, 518 U.S. 81, 113 (1996).

"In the 'broader appraisal' available to district courts after *Booker*, district courts now...have the discretion to weigh a multitude of mitigating and aggravating factors that existed at the time of mandatory Guidelines sentencing, but were deemed 'not ordinarily relevant,' such as age, education and vocational skills, mental and emotional conditions, employment record, and family ties and responsibilities." *United States v. Menyweather*, 447 F. 3d 625, 634 (9th Cir. 2006).

This Court is now free to fashion a sentence that considers the whole person, not just a snapshot of one period in a life. The Court must consider the circumstances behind the offense in imposing a sentence that is "sufficient, but not greater than necessary" to accomplish the sentencing goals of § 3553(a). *See Kimbrough*, 552 U.S. at 101.

### The Story of Vigiland D'Haiti

Vigiland D'Haiti, 41, was born on April 3, 1982, in Orlando, Florida, to Visilant D'Haiti (deceased, August 6, 1995) and Asma Paul (nee Ernest), 63. His mother, Asma, married Edmun Paul, 60, when Mr. D'Haiti was 15 years old. Mr. and Ms. Paul live in Eustis, Florida, where Ms. Paul works at a nursery and Mr. Paul works at a staffing agency. Mr. D'Haiti has a paternal half-sister, Alexia D'Haiti, 46, who lives in Lake County, Florida and works as a server. He

also has a maternal half-sister, Crisman Bonhounr, 46, who resides in Orlando, Florida, and is disabled. Mr. D'Haiti also has a twin brother, Vigil D'Haiti, 41, who lives in Fruitland Park, Florida, and works as a teacher. Eve McRoy, 36, lives in Eustis, Florida, and is employed at the same nursery where Ms. Paul works.

Mr. D'Haiti's childhood was marked by poverty, abuse, and tragedy. Mr. D'Haiti's parents immigrated from Haiti to the United States, shortly before Mr. D'Haiti was born. The family of six (Crisman remained in Haiti) struggled to make ends meet, working as migrant workers in orange groves, living in group homes and Section 8 housing, and receiving food stamps and charitable donations.

Mr. D'Haiti's father physically abused Vigiland and Vigil. He and his twin brother were often beaten with objects such as electrical cords, hoses, and sticks. He also saw his father physically attack his mother and his paternal uncle. When Mr. D'Haiti was about 8 or 9 years old, his father punished him by telling him he was trash and that he would be treated like trash. His father placed him in a garbage bag and made him stay in it all day.

When Mr. D'Haiti was 13 years old, his father died in a car crash. His mother was seriously injured in that crash. The family was further challenged to support itself and Mr. D'Haiti and his brother were forced by the circumstances to take on increasing responsibilities. The family had to rely, in part, on the deceased father's social security benefits just to barely get by.  In

1997, Mr. D'Haiti's mother married Edmun Paul, with whom he has had a good relationship.

In 2000, Mr. D'Haiti graduated from Tavares High School, in Tavares, Florida, where he engaged in sports and extracurricular activities, including cheerleading. After completing a year of college at Polk State College, Mr. D'Haiti was accepted to the University of Central Florida but he was unable to attend because of financial constraints. Instead, Mr. D'Haiti attended the College of Central Florida in Ocala, Florida, from 2001 to 2002; Lake-Sumter College in Sumterville, Florida, from 2002 to 2003; Valencia College in Orlando, Florida, intermittently from 2003 to 2006. He eventually earned an online degree in business administration (minor in entrepreneurship) from American Intercontinental University in 2018.

In 2013, Mr. D'Haiti married Kelly Lorraine D'Haiti (nee McClelland), 37. The couple lived together in Central Florida and have a child, Arie Lee D'Haiti, 7. The last place they lived as a family before Mr. D'Haiti's arrest here was 316 Southern Pecan Circle, Unit 107, Winter Garden, Florida. Since Mr. D'Haiti's detention, Mrs. D'Haiti and their son have been residing in North Carolina, where she works as a debt consolidation and life insurance representative. Though they remain married, the allegations and circumstances of this case strained Vigiland and Kelly's relationship.

D'Haiti worked as a full-time paraprofessional and clerk from 2008 to 2009, at Dr. Phillips High School, in Orange County, Florida, and as a digital information technology teacher from 2019, until his detention for this case, at

Cypress Creek High School. During this time, Mr. D'Haiti and his wife, Kelly, established and operated the World Cheer Center LLC in Clermont, Florida. Mr. D'Haiti worked as a cheer coach at the gym, which has since been closed because of this case.

### The Facts and Circumstances of This Case

D'Haiti acknowledges the facts set out in the PSI that are grounds for the crime to which D'Haiti pleads guilty. He accepts full responsibility for his actions and the serious harm he caused. He pleaded guilty because he is guilty.

Minor Victim-2 was 16 or 17 years old. ¶ 25, PSI. Minor Victim-1 (the victim in Count II of the indictment) was about 16, given her year of birth is 2005 and the factual basis of the plea shows the image and seven videos at issue were created on or after June 2021. *See* Plea Agreement, p. 20, 23. According to the PSI, Minor Victim-1 sent nude images of herself to D'Haiti "at D'Haiti's demand" and that she received nude pictures of D'Haiti from D'Haiti. ¶ 21, PSI. The videos at issue are between nine and 26 seconds. ¶ 18, PSI. The videos and image were found on D'Haiti's phone; there is no evidence in the PSI or factual basis of the plea agreement that D'Haiti distributed the image or videos or reproduced them.

Given D'Haiti's age of 41 years, a sentence at the top end of the guideline range would effectively result in a life or near-life sentence. Under the totality of the circumstances, a de facto life sentence is greater than necessary to accomplish the goals of sentencing under 18 U.S.C. § 3553(a). Instead, a split

sentence of prison followed by probation sufficiently accomplishes the goals of deterrence, protection of the community from future harm, and rehabilitating the defendant, without imposing a sentence that is greater than necessary to achieve those goals.

## Incorporated Memorandum of Law

Sections 2251(a) is one of several parts of the Sexual Exploitation of Children statute. Section 2251(a) deals with the production of child pornography. *See United States v. Ruggiero,* 791 F.3d 1281, 1284 (11th Cir. 2015) ("Section 2251(a) is the 'production' section of a broad regulatory scheme that prohibits the production, receipt, distribution, and possession of child pornography."). Another part, § 2251(d), for example, relates to soliciting, or advertising for, child pornography. *See United States v. Wayerski,* 624 F.3d 1342, 1348 (11th Cir. 2010) (describing § 2251(d)(1) as a prohibition "concerning the advertisement of child pornography"). Section 2251(a) can apply in a broad "range of ways that a defendant might actively be involved in the production of sexually explicit depictions of minors." *Ortiz-Graulau v. United States,* 756 F.3d 12, 19 (1st Cir. 2014). As the Eleventh Circuit recently noted, "the actus reus element of § 2251(a) is broad. A defendant can violate § 2251(a) through various means—i.e., by 'employ[ing], us[ing], persuad[ing], induc[ing], entic[ing], or coerc[ing] any minor.'" *United States v. Lee,* 29 F. 4th 665, 673 (11th Cir. 2022).

D'Haiti's punishment should match the facts of the crime. While Mr. D'Haiti acknowledges his wrongdoing and accepts responsibility for such, he

would ask the court to consider that this statute includes more sinister and egregious varieties of conduct than the facts involved in this case. D'Haiti used no violence. The victim was about 16 years old when the images were created. None of the images depict direct physical contact between Mr. D'Haiti and the minor victim. Mr. D'Haiti did not himself produce, reproduce, or distribute any of the images at issue. In *United States v. Frei*, 996 F. 3d 561 (6th Cir. 2021), the district court sentenced the defendant to a below-guidelines sentence of almost 318 months' imprisonment, after concluding "as horrifying as the crimes were, there are ways 'the offense could be worse,' such as if the minor were younger or Frei's conduct were violent." *Id.* at 567. *Frei* concerned a 48-year-old male defendant and a 15-year-old female victim whom the defendant met in person many times. *Id.* at 563. The police later found about 500 files of child pornography in Frei's possession, depicting sexual activity with the minor. *Id.* The defendant was indicted for, among other charges, four counts of violating 18 U.S.C. 2251(a) and (d). *Id.* Following guilty verdicts on all eight counts, the PSR calculated a total offense level of 43, slightly more than the total offense level of 40 calculated here. *See id.* at 564; ¶ 43, PSI.

Applying the 18 U.S.C. § 3553 factors necessitate putting the facts of D'Haiti's crime in context, recognizing the breadth of the statute and how it can be violated, recognizing that the statute can be violated in ways that are much worse, and considering D'Haiti's lack of criminal history, and a childhood marked by physical abuse. The following recommended sentence is a just outcome that fits the facts of the crime: 15 years' imprisonment followed by 15

years' supervised release, together with mandatory restitution to the victims and mandatory sex offender registration.

### Conclusion

Vigiland D'Haiti respectfully requests this Honorable Court to grant his request for a downward variance and impose our recommended split sentence, which is a reasonable sentence that is no greater than necessary to comply with the purposes of sentencing under 18 U.S.C. § 3553.

Respectfully submitted,

_____
MARK N. LONGWELL
LONGWELL LAWYERS
390 N. ORANGE AVE., STE. 1825
ORLANDO, FLORIDA 32801
FLORIDA BAR NO. 899150
(407) 426-5757
mail@longwelllawyers.com
ATTORNEY FOR D'HAITI

**Certificate of Service**

I CERTIFY that undersigned electronically filed this Sentencing Memorandum for Vigiland D'Haiti with the Clerk of Court (CM/ECF) by using the Cm/ECF system, which will send a notice of electronic filing to AUSA Kara Wick, on October 10, 2023.

/s/ Mark N. Longwell

MARK N. LONGWELL
LONGWELL LAWYERS
390 N. ORANGE AVE., STE. 1825
ORLANDO, FLORIDA 32801
FLORIDA BAR NO. 899150
(407) 426-5757
mail@longwelllawyers.com
ATTORNEY FOR D'HAITI